## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CONTINENTAL CARBON CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) Case No. 08-CV-543-JHP-TLW |
| UNITED STEEL, PAPER and FORESTRY, RUBBER MANUFACTURING, ENERGY, ALLIED INDUSTRIAL and SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO and UNITED STEEL WORKERS OF AMERICA, LOCAL 13-857, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

Now before the court is Plaintiff's Motion to Vacate Arbitration Award, Defendants' Response to said motion, and Plaintiff's Reply.

The Federal Arbitration Act "evinces a strong federal policy in favor of arbitration," ARW Exploration Corp. v. Aguirre, 45 F.3d 1455, 1462 (10th Cir. 1995), and as such, it is well-settled that courts have a very limited role in reviewing an arbitrator's decision. Maximum deference is owed to the arbitrator's decision, Id., and, indeed, a federal court's "powers of review [in this area] have been described as 'among the narrowest known to law.'" Denver v. Rio Grande Western Railroad Co., 119 F.3d 847, 849 (10th Cir. 1997); Kennecott v. Copper Corp. v. Becker, 186 F.3d 1261 910th Cir. 1999); and Champion Boxed Beef v. UFCW Local 7, 24 F.3d 86 (10th Cir. 1994). Because a

primary purpose behind arbitration is to dispense with the cost and delay of litigation, "courts must exercise great caution when asked to set aside an award." Aguirre, 45 F.3d at 1463 (quoting Foster v. Turley, 808 F.2d 38, 42 (10th Cir. 1986)).

"A court may only vacate an arbitration award for reasons enumerated under the Federal Arbitration Act, 9 U.S.C. §10, or for a handful of judicially created reasons . . . Outside of these limited circumstances, an arbitration award must be confirmed ... Errors in either the arbitrator's factual findings or his interpretation of the law (unless that interpretation shows a manifest disregard of controlling law) do not justify review or reversal on the merits..." Denver v. Rio Grande Western Railroad Co., 119 F.3d at 849 (citations omitted).  Since it is the arbitrator's construction that was bargained for, it is not the Court's function to determine whether the arbitrator misinterpreted the parties' collective bargaining agreement. International Brotherhood of Electrical Workers, Local Union No. 611, AFL – CIO v. Public Service Co. of New Mexico, 980 F.2d 616, 619 (10th Cir. 1992). Further, an "arbitrator's award is not open to review on the merits."[1] Sterling Colorado Beef Co. v. United Food and Commercial Workers, 767 F.2d 718, 720 (10th Cir. 1985).  Consequently, the Court "will set aside an arbitrator's decision 'only in very unusual circumstances' ..." Kelley v. Michaels, 59 F.3d 1050, 1053 (10th Cir. 1995)(quoting First Options of Chicago, Inc., v. Kaplan, 514 U.S. 938 (1995).  See also Ormsbee Development Co. v. Grace, 668 F.2d 1140, 1146-47 (10th Cir. 1982).("Once an arbitration award is entered, the finality of arbitration weighs heavily in favor of supporting the arbitrator's decision and cannot be upset except under exceptional

---

[1] "The merits embrace not only asserted errors in determining the credibility of witnesses, the weight to be given their testimony, and the determination of factual issues, but also the construction and application of the collective bargaining agreement." Sterling Colo. Beef Co., 767 F.2d at 720 (quoting Amalgamated Butcher Workmen v. Capitol Packing Co., 413 F.2d 668, 672 (10th Cir. 1969).

circumstances.").

Even if the court should conclude that the arbitrator's award must be set aside, the court will not attempt to settle the merits of the parties' dispute, since doing so "would improperly substitute a judicial determination for the arbitrator's decision that the parties bargained for in the collective-bargaining agreement." United Paperworkers International Union, AFL – CIO v. Misco, Inc., 484 U.S. 29, 41 n.10 (1987).  See also Jenkins v. Prudential-Bache Securities, Inc., 847 F.2d 631, 634-35 (10th Cir. 1988)(the role of the courts in reviewing an arbitrator's award is limited to the determination of whether the award draws its essence from the parties' contract, and the award is not open to review on the merits)(quoting Sterling Colo. Beef Co., 767 F.2d at 720).  Rather, in such a case, the court is obligated to simply vacate the award in order to permit the possibility of further proceedings before the arbitrator. Misco, 484 U.S. at 41 n. 10.

Where various parts of the collective-bargaining agreement may be in conflict or unclear, it is the arbitrator's job to interpret them.  LB&B Assoc., Inc. v. International Brotherhood of Electrical Workers, Local 113, 461 F.3d 1195, 1198 (10th Cir. 2006).  As long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, that a court is convinced he committed serious error does not suffice to overturn his decision.  United Paper Workers v. Misco, Inc., 484 U.S. 29, 38 (1987).  Both substantive and procedural issues arising from a grievance are for the arbitrator to decide, not the court.  John Wiley & Sons, Inc. v. Livingston, 376 U.S. 543 (1964).  The question of grievance timeliness or other procedural issues under the collective-bargaining agreement is generally a matter for the arbitrator.  Reid Burton Construction, Inc. v. Carpenters' District Council, etc., 535 F.2d 598 (10th Cir. 1976); UAW v. Folding Carrier Corp., 422 F.2d 47 (10th Cir. 1970); United Steel Workers v. Ideal Cement Co., 762

F.2d 837, 841 (10th Cir. 1985); Denhardt v. Trailways, Inc., 767 F.2d 687 (10th Cir. 1985); UFCW v. Four B Corp., 83 F.3d 433 (10th Cir. 1996); McCauley v. Haliburton Energy Services, Inc., 161 Fed.Appx. 760 (10th Cir. 2005).

With these principles in mind, the court turns to the substance of the parties' agreement. Plaintiff and Defendants are parties to a Collective Bargaining Agreement (the "CBA") governed by the National Labor Relations Act, 29 U.S.C. §151 et seq. and the Labor Management Relations Act, 29 U.S.C. §141 et seq. Three of Defendants' bargaining unit members were disciplined by Plaintiff. Defendants filed grievances to arbitration. The grievances went to arbitration and a hearing was conducted. The arbitrator upheld the grievances and ordered the three grievants made whole. Plaintiff does not challenge the merits of the grievances, rather Plaintiff challenges only the arbitrator's resolution of the grievance timeliness issue. Defendants defend the arbitrators's award and seek an order enforcing it.

In regard to the issue of arbitrability, Plaintiff argued the grievances were untimely under two CBA provisions at Articles 13-1 and 13-2. First, Plaintiff argued CBA Article 13-1 establishes a strict time limitation on the submission of a grievance to Plaintiff of 15 calender days. Plaintiff asserted that because the grievants were notified of their suspensions on April 10, 2006 and, since the grievances were submitted to Plaintiff on April 26, 2006, the grievances were untimely. CBA Article 13-1 provides that grievances not submitted within 15 days are "deemed abandoned and waived."

In regard to this first argument concerning Article 13-1, the arbitrator found the grievants were called on April 11, 2006 to receive their disciplinary letters dated April 10, 2006. The Plaintiff's fax time stamp on the grievance forms established that Plaintiff received the grievances

on April 26, 2006 within 15 days of the grievants' receipt of their ten-day suspension notice. Further, the arbitrator found the date of the occurrence of the grievances on the Union grievance forms was April 11, 2006. Finally, the arbitrator found the Plaintiff never took exception to this date of occurrence on the forms. As a result, the arbitrator found the grievances timely. See Arbitration Record , Ex. V at 15 - 17.

The Court finds the arbitrator must be given deference regarding this decision which rests on a matter of procedure and interpretation of the CBA. The arbitrator's conclusion the language with regard to the time for filing grievances is inconsistent, unclear and confusing is supported by the record and a reasonable interpretation of the CBA. Further, the arbitrator's finding that Plaintiff's processing of the grievances to the arbitration stage on the merits without raising the timeliness issue waived Plaintiff's right to object is also supported by the record. Allegations such as waiver, delay, or a like defense are subject to arbitration.

Secondly, CBA Article 13-2, Step 4(a) provides that within ten days of requesting arbitration, [the grievants] must request a list of seven FMCS arbitrators and the "parties shall select therefrom one (1) arbitrator to hear and resolve the dispute." Plaintiff argued that on July 6, 2006, Defendants requested arbitration and Plaintiff received the Defendants' demand on July 10, 2006. On July 20, 2006, within 10 days of Plaintiff's receipt of Defendants' request for arbitration, as required by the CBA, Defendants timely requested and received three FMSC arbitrator panels. However, Defendants did not contact Plaintiff to strike these FMSC panels and select arbitrators until March 29, 2007, more than 252 days later. Therefore, Plaintiff asserted Defendants' failure to select arbitrators from the FMSC arbitrator panel by alternate strike with Plaintiff within 10 days, rendered the grievance untimely, abandoned and waived.

The arbitrator found that Plaintiff's argument was wrong for several reasons. The arbitrator specifically noted the inconsistency in the language of the CBA, and the manner in which the Plaintiff waived its objection:

> For example, if the parties waited until the tenth day to request an FMCS panel, there is no way they could strike that panel that day. Moreover, the parties have been doing arbitrations for more than 25 years and striking panels beyond ten days. In addition, [Plaintiff] has delayed in complying with previous Arbitrator Awards, so the claim that [Defendants] had delayed in striking the panel for this case is unreasonable.

Arbitration Record, Ex.V at 17.

The arbitrator's decision required interpretation of the CBA with regard to processing of grievances and in doing so the arbitrator necessarily analyzed the procedural posture of the case with standard arbitrable concepts such as waiver. Based on the narrow review of an arbitrator's award, Plaintiff has not met its burden to overturn the decision.

Accordingly, Plaintiff's Motion to Vacate the Arbitration Award is denied, and Defendants' request to enforce the arbitration award is granted.

**IT IS SO ORDERED this 23rd day of July, 2009.**

James H. Payne
United States District Judge
Northern District of Oklahoma