### IN THE UNITED STATES DISTRICT COURT FOR THE
### NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CONTINENTAL CARBON CORPORATION, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-CV-543-JHP-TLW |
| UNITED STEEL, PAPER and FORESTRY, RUBBER MANUFACTURING, ENERGY, ALLIED INDUSTRIAL and SERVICE WORKERS INTERNATIONAL UNION, AFL-CIO and UNITED STEEL WORKERS OF AMERICA, LOCAL 13-857, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ORDER**

Now before the Court is Plaintiff's Motion to Alter or Amend Judgment filed pursuant to Fed.R.Civ.P. 59(e), and Defendants' Response to said motion. On July 23, 2009, this Court rendered its Order in this action, denying Plaintiff Continental Carbon Company's ("Continental") request to vacate an arbitration Opinion and Award issued on June 7, 2008, and granting the request by Defendants to enforce the award. The Court entered its Judgment in this matter in accordance with the Order on the same date — July 23, 2009. Continental filed the instant motion seeking amendment of the judgment due to a clear mistake of fact set forth in the Opinion upon which the Court's Judgment was based. In accordance with Fed.R.Civ.P. 59(e), this motion is timely filed within ten (10) days after the entry of the Judgment.

Grounds warranting a motion to alter or amend judgment under Fed.R.Civ.P. 59(e) include: 1) an intervening change in controlling law; 2) new evidence previously unavailable; and 3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does I-XVI*, 204 F.3d 1005, 1012 (10th Cir. 2000)(citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). Thus, a motion to alter or amend judgment "is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.* *See also, Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009).

In regard to the issue of arbitrability, Plaintiff argued the grievances were untimely under two CBA provisions at Articles 13-1 and 13-2. First, Plaintiff argued CBA Article 13-1 establishes a strict time limitation on the submission of a grievance to Plaintiff of 15 calender days. Plaintiff asserted that because the grievants were notified of their suspensions on April 10, 2006 and, since the grievances were submitted to Plaintiff on April 26, 2006, the grievances were untimely. CBA Article 13-1 provides that grievances not submitted within 15 days are "deemed abandoned and waived."

In regard to the argument concerning Article 13-1, the Court cited the record and noted that "the arbitrator found the grievants were called on April 11, 2006, to receive their disciplinary letters dated April 10, 2006. The Plaintiff's fax time stamp on the grievance forms established that Plaintiff received the grievances on April 26, 2006 within 15 days of the grievants' receipt of their ten-day suspension notice. Further, the arbitrator found the date of the occurrence of the grievances on the Union grievance forms was April 11, 2006. Finally, the arbitrator found the Plaintiff never took exception to this date of occurrence on the forms. As a result, the arbitrator found the grievances timely. See Arbitration Record , Ex. V at 15 - 17." ( Court's Order at 4-5).

Continental argues this was a mistake of fact because the Arbitrator instead found that each of the Grievants received his disciplinary letter on April 10, 2006, and that each of the grievances was not submitted until 16 days later on April 26, 2006.

It does appear the portion of the Arbitrator's decision cited by the Court was merely the Arbitrator's partial recitation of Defendants' argument. See Court's Order at 4-5 citing Arbitration Record , Ex. V at 15 - 17.  However, the ultimate conclusions made by the Arbitrator that the language with regard for filing grievances is inconsistent, unclear and confusing and that Plaintiff's processing of the grievances to the arbitration stage on the merits without raising the timeliness issue waived  Plaintiff's right to object are supported by the record.  Further, allegations such as waiver, delay, or a like defense are subject to arbitration.

Therefore,  Plaintiff's Motion to Alter or Amend Judgment is granted in part, and the Court will issue an Amended Order and Judgment in accordance with this Order.

_____
James H. Payne
United States District Judge
Northern District of Oklahoma